**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

    **Plaintiff**,

             **v.**                    **CRIMINAL NO.** 09-228 (FAB)

GEFFREY TORRES-SOBRADO, *et al.*,

    **Defendants**.

**OPINION AND ORDER**

BESOSA, District Judge.

On October 8, 2009, a grand jury returned an eight-count superceding indictment against twelve defendants. The indictment charges the defendants with impersonating law enforcement agents during the commission of a carjacking and a related conspiracy to stage traffic stops in order to procure illegal drugs for resale and profit.

Defendant Erik Diaz-Colon, joined by defendant Jose Vizcarrondo-Casanova ("defendants"), moves this Court to dismiss Count Six of the superceding indictment on the grounds that Count Six is "legally insufficient." (Docket Nos. 408, 410.) The United States opposes the motion. (Docket No. 418.) For the following reasons, the Court **DENIES** the motion to dismiss Count Six. (Docket No. 408.)

Criminal No. 09-228 (FAB)                                              2

## DISCUSSION

Count Six of the superceding indictment charges several of the defendants, including Diaz and Vizcarrondo, with aiding and abetting each other wilfully to deprive decedent Elis Manuel Andrades-Telleria ("decedent" or "Andrades") of his constitutional rights while acting under color of state law, in violation of Title 18, United States Code, Sections 242 ("Section 242") and 2. The government charges the defendants with depriving the decedent of his rights pursuant to the Fourth Amendment to be secure from unreasonable searches, seizures of property, and excessive forces. Specifically, the government argues that the defendants not only stopped Andrades without probable cause and stole property from him, which would itself constitute a violation of Andrades's Fourth Amendment rights, but also that the traffic stop was part of a scheme in which the defendants pretended to be law enforcement officers, pretended to conduct a valid traffic stop, and then, under those pretenses, proceeded to search Andrades and take his property - controlled substances - with the intention of distributing and profiting from the stolen property.

When considering whether to dismiss a count of an indictment, a court looks at whether the allegations in the indictment are sufficient to inform a jury as to the charged offense. See United

Criminal No. 09-228 (FAB)                                                3

States v. Sampson, 317 U.S. 75, 76 (1962); United States v. Barker

Steel Co., Inc., 985 F.2d 1123, 1125 (1st Cir. 1993).   "[A]n

indictment is sufficient if it, first, contains the elements of the

offense charged and fairly informs a defendant of the charge

against which he must defend, and, second, enables him to plead an

acquittal or conviction in bar of future prosecutions for the same

offense."   Hamling v. U.S., 418 U.S. 87, 117 (1974) (internal

citations omitted).   A court "read[s] an information as a whole"

and "construe[s] the allegations in a practical sense, with all

necessary implications."   Barker, 985 F.2d at 1125 (internal

citations omitted).

    The defendants argue, vaguely, that Count Six is "legally

insufficient."   (Docket No. 408 at 2.)   Although they cite no

standards linked to that phrase, it appears that when the

defendants say Count Six is "legally insufficient", they mean

either that the count fails to state an actionable offense or that

the count fails to state properly the elements of the offense

charged.  As shown below, the grounds upon which defendants base

their motion for dismissal don't hold water.

    First, defendants argue that the property allegedly stolen

from Andrades is not identified in the contested count, but that a

review of Count Five suggests that the stolen property was fourteen

Criminal No. 09-228 (FAB)                                                    4

grams of cocaine and that, because cocaine is not constitutionally

protected, there is no basis for a civil rights claim for unlawful

seizure of property.  Second the defendants claim that the traffic

stop in which Andrades was involved was "legally sufficient"

because there was probable cause for intervention.  Finally,

defendants argue that, even if the defendants seized property

unlawfully from Andrades, the seizure did not involve state action

and the defendants did not act under color of state law because

they were not law enforcement agents.

     These arguments appear intentionally to misunderstand the

nature of the charge against the defendants in Count Six.  Count

Six charges the defendants with violating a well known statute,

section 242, which is the criminal counterpart to 42 United States

Code Section 1983 ("section 1983").  Both statutes were created to

"vindicate federal rights and give governmental officials concrete

reasons for respecting those rights."  U.S. v. Villarin Gerena, 553

F.2d 723, 725 (1st Cir. 1997).  The government presents the

chilling scenario of individuals presenting themselves as law

enforcement agents in order to create fake traffic stops, conduct

fake detentions, and engage in fake searches and seizures in order

to procure illegal drugs for their own profit.  The violation of

constitutional rights alleged by the government pursuant to

section 242 therefore centers on the wilful misuse of state power

to procure property - illegal drugs - from unsuspecting victims.

The arguments made by the defendants, first, that no property

was unlawfully seized because the property in question consisted

only of illegal substances and, second, that the defendants had

probable cause to conduct the fateful traffic stop and therefore,

presumably, that the resulting search and seizure were lawfully

conducted is, quite simply, nonsense.  Even if the property taken

from the victim is property that is not constitutionally protected,

and even if the movants were accompanied during the traffic stop by

a "real" member of the Puerto Rico Police Department acting on a

tip from a reliable source, the defendants' stop, detention, and

search of Andrades were illegal according to the allegations in

Count Six.  Defendants are charged with staging a false traffic

stop, motivated not by any attempt on the part of real law

enforcement officers to enforce real laws, but motivated by a goal

to procure drugs for resale and profit.  For the defendants to

argue that they had probable cause for the actions they are charged

with, despite the fact that they are charged with *staging* that

stop, despite the fact that neither is a real law enforcement

official, despite the fact that they allegedly *dressed up* as law

enforcement officials, is stunningly irrational and baseless.  The

Court rejects these arguments outright.

     As to the defendants argument that they did not act under

color of state law because they are private citizens and because

there was only one state actor involved in the indictment alleged,

the case law is clear.  The Supreme Court has held that to act

under color of state law "does not require that the defendant be an

officer of the State," and that "[p]rivate persons, jointly engaged

with state officials in the challenged action, are acting [sic]

'under color' of law for purposes of § 1983 actions."  Dennis v.

Sparks, 449 U.S. 24, 28 (1980).  Courts have also ruled that "[t]he

color of law element may be satisfied by the fact that an official

gains access to the victim in the course of official duty" as is

the case here.  U.S. v. Giordano, 442 F.3d 30, 43 (2nd Cir. 2006);

See U.S. v. Walsh, 194 F.3d 37, 51 ("The relevant question . . . is

not whether the actual abuse was part of the official's duties but,

rather, whether the abuse was 'made possible only because the

wrongdoer is clothed with the authority of state law.'"  (quoting

U.S. v. Classic, 313 U.S. 299, 326 (1941).  In United States v.

McClean, 528 F.2d 1250 (2d Cir.1976), the Second Circuit Court of

Appeals held that police officers acted under color of law when

Criminal No. 09-228 (FAB)                                              7

they stole proceeds of drug sales from the suspects in their

investigations in violation of section 242.

The United States accused the defendants of aiding and

abetting others to violate Andrades's right to be free from

unreasonable searches and seizures by submitting him to a staged

traffic stop in which, literally, they *wore* the colors of the

state.  As the Supreme Court once stated, "[i]t is clear that under

'color' of law means under 'pretense' of law" and, thus, "[a]cts of

officers who undertake to perform their official duties are

included whether they hew to the line of their authority or

overstep it."   There is no doubt that Count Six notifies the

defendants adequately of the allegations against them pursuant to

section 242 and states adequately the elements of that charge.  The

motion to dismiss Count Six of the superceding indictment is

**DENIED.**

## CONCLUSION

For the reasons discussed above, defendants' motion for

dismissal of Count Six is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 20, 2010.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        United States District Judge